D. E. CINTRÓN, S. EN C., PROMOVENTE Y APELANTE, Y EL PUEBLO, APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un expediente sobre información posesoria.

No. 1359.—Resuelto en noviembre 30, 1915.

EXPEDIENTE POSESORIO — ADQUISICIÓN DE DOCUMENTOS NO POSEÍDOS AL PRESENTE — GASTO CUANTIOSO — DEMORA EN LA INSCRIPCIÓN — INTERPRETACIÓN

Restrictiva.—La alegación en un expediente de información posesoria de que se hace necesario para inscribir el título de dominio que ya se tiene, aportar documentos otorgados con anterioridad que no se tienen actualmente y cuya adquisición originaría un gasto cuantioso, dilatando además considerablemente la inscripción, no coloca al peticionario dentro de ninguna de las excepciones del artículo 437 del reglamento para la ejecución de la Ley Hipotecaria, al que debe dársele una interpretación restrictiva.

Id.—Asiento de Adquisición Contradictorio no Cancelado—Deber del Registrador.—El artículo 393 de la Ley Hipotecaria regula el procedimiento que debe seguir, el registrador cuando hallare en el registro algún asiento de adquisición de dominio o posesión no cancelado que esté en contradicción con el hecho de la posesión justificada en información judicial, sin que sea aplicable a la instrucción de un expediente posesorio que ha de gobernarse por los artículos 390 de la Ley Hipotecaria y 437 del reglamento para su ejecución.

Los hechos están expresados en la opinión.

Abogado del promovente: *Sr. José Benet.*

El apelado no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Ante la Corte de Distrito de Mayagüez, la sociedad mercantil en comandita D. E. Cintrón S. en C. promovió información para justificar la posesión en que estaba de dos fincas rústicas, una de ellas de 5 cuerdas y la otra de 9 con 87 céntimos, que según alega le fueron adjudicadas por escritura pública que otorgó a su favor en 22 de febrero, 1915, el administrador judicial de los bienes de la herencia de Don Julio N. Laabes ante el notario José Benet, en pago de deudas, con obligación de reconocer un crédito hipotecario de que era cesionaria Doña Josefa Mestre y Castelar.

Al escrito inicial de la información se acompañó, entre otros documentos, la mencionada escritura de 22 de febrero de 1915, y de ella resulta que la finca de 5 cuerdas fué adquirida por Laabes de Don Miguel Félix Medina y que Doña Josefa Nicolasa Rivera, esposa de Laabes, adquirió la otra finca de 9 cuerdas por herencia de su padre Eusebio Rivera, habiendo sido adjudicada a Laabes en el arreglo testamentario practicado con motivo de la muerte de Doña Josefa Nicolasa Rivera.

Certifica el Registrador de la Propiedad de Mayagüez que la finca de 5 cuerdas está inscrita en el registro a favor de Julio N. Laabes y la de 9 cuerdas a favor de Doña Josefa Nicolasa Rivera, estando gravada la primera finca con una hipoteca a favor de la mercantil D. E. Cintrón, y ambas con otras hipotecas a favor de Doña Josefa Mestre y Castelar.

Alega el peticionario que aunque ambas fincas están inscritas en el Registro de la Propiedad de Mayagüez, se le hace necesario para inscribir el título de adjudicación en pago, o sea, la escritura de 22 de febrero, 1915, aportar varios documentos otorgados con anterioridad, que no tiene actualmente, y cuya adquisición le originaría un gasto considerable dilatando además considerablemente la inscripción de su título. La Corte de Distrito de Mayagüez denegó la admisión de la información por medio de orden que dice así:

"Vista la solicitud presentada en este caso, la corte se niega a admitir la información de posesión que en la misma se solicita, porque el título que ostenta la sociedad promovente de las dos fincas, objeto de la información, es un título de dominio inscribible en el registro de la propiedad toda vez que dichas fincas aparecen inscritas a nombre de Julio N. Laabes y de su esposa Josefa Nicolasa Rivera y Ríus, personas de quienes proceden directamente dichos bienes por cuya razón no procede la información solicitada, y se ordena el sobreseimiento y archivo de este caso. Mayagüez, P. R., abril 16 de 1915. Firmado: Charles E. Foote, Juez del Distrito."

Contra esa orden interpuso el peticionario recurso de apelación para ante esta Corte Suprema.

Entendemos que la orden recurrida se ajusta a los preceptos de la Ley Hipotecaria y de su reglamento.

El artículo 390 de dicha ley concede a los propietarios que carecieren de título escrito de dominio, cualquiera que sea la época en que hubiere tenido lugar la adquisición, la facultad de inscribir su derecho justificando previamente su posesión ante el juez de primera instancia del lugar en que estén situados los bienes, y el artículo siguiente, al fijar las

reglas que deben observarse en la instrucción del expediente posesorio, enumera bajo el número 5°. la de que en el escrito promoviendo la información se exprese la circunstancia de no existir título escrito o de no ser fácil hallarlo en el caso de que exista.

El artículo 437 del reglamento para la ejecución de la Ley Hipotecaria dice:

"Se entenderá que carece de título escrito para el efecto de inscribir su posesión, con arreglo a los artículos 390 y siguientes de la ley, no sólo el que realmente no posea dicho título, sino también el propietario que, teniéndolo, no pueda reclamar inmediatamente su inscripción por haberlo de traer de punto distante del lugar en que deba hacerla, o por cualquier otra causa que le obligue a dilatar su presentación. Esta circunstancia podrá hacerse constar en el expediente y en la misma inscripción."

En el presente caso el peticionario no carece de título escrito de dominio ni cabe admitir que no le sea fácil hallarlo o que exista causa que lo obligue a dilatar su presentación pues al escrito inicial de la información ha acompañado copia de la escritura de 22 de febrero, 1915, que bien ha podido presentar en el registro para su inscripción.

Y no favorece al peticionario su alegación de que para inscribir la mencionada escritura se le hace necesario aportar varios documentos otorgados con anterioridad, que no tiene actualmente, y cuya adquisición le originaría un gasto considerable dilatando además considerablemente la inscripción de su título. Tal alegación no coloca al apelante dentro de ninguna de las excepciones del artículo 437 ya transcrito del reglamento de la Ley Hipotecaria.

"Ese artículo debe ser interpretado restrictivamente, no sólo porque contraría en cierto modo un precepto legal tan general y terminante cual el del artículo 390 de la Ley Hipotecaria, sino porque la posesión como estado jurídico es una verdadera anomalía que es fuerza limitar y restringir; criterio que cada vez se impone con mayor autoridad si ha de evitarse que el registro de la propiedad degenere en registro de la posesión."

Resoluciones de la Dirección General de los Registros de España, de 31 de mayo de 1893 y 7 de enero de 1896.

Sostiene la parte apelante que la corte inferior no ha debido rechazar de plano la información posesoria sin darle oportunidad para demostrar que estaba dentro de los preceptos de la Ley Hipotecaria y al efecto invoca el artículo 393 de la misma. Entendemos que dicho artículo regula el procedimiento que debe seguir el registrador cuando hallare en el registro algún asiento de adquisición de dominio o posesión no cancelado que esté en contradicción con el hecho de la posesión justificada por la información judicial, sin que sea aplicable al presente caso que ha de gobernarse por los artículos de la Ley Hipotecaria y de su reglamento de que dejamos hecho mérito.

Por las razones expuestas procede la confirmación de la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no intervino.